Argued and submitted July 29, affirmed December 9, 1987

ANGELO CABANTOY,
*Petitioner,*

*v.*

BOARD OF PAROLE,
*Respondent.*

(CA A42403)

746 P2d 756

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and David L. Kramer, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Petitioner seeks review of an order of the Board of Parole, dated October 20, 1986, that denied his request to advance his release date. ORS 144.335; ORS 183.482(8)(a). We affirm.

Petitioner was convicted of various crimes, sentenced to two consecutive 18-year terms and incarcerated in the penitentiary. On the basis of his history/risk score and crime category, the Board determined that his matrix range was 90 to 120 months and set his initial release date at 90 months, or March 6, 1988. Subsequently, petitioner requested that the Board advance the release date; it refused. Petitioner asserts that the Board erred in failing to do so, arguing that its order does not comply with ORS 144.135, which provides:

> "The board shall state in writing the detailed bases of its decisions under ORS 144.110 to 144.125."

We disagree.

ORS 144.122(1) provides that, after the Board has set an initial release date,

> "the prisoner may request, and the board may grant, that the parole release date may be reset to an earlier date upon a showing by the prisoner of:
>
> "(a) An extended course of conduct indicating outstanding reformation."

ORS 144.122(2)(b) provides that the Board shall adopt rules

> "[d]etailing the criteria set forth under subsection (1) of this section for the resetting of a parole release date."

The rules provide:

> "Reductions in prison terms may be granted by the Board only upon showing by the prisoner an extended course of conduct indicating outstanding reformation. Cases will be determined on individual merits; however, the criteria may include:
>
> "(a) A five (5) year period of good conduct;
>
> "(b) Demonstrable achievement in dealing with problems present at the time of incarceration and associated with criminal conduct (e.g., psychological disorder, drug or alcohol dependency, lack of educational or vocational skills);

"(c) Cooperation with authorities where a substantial benefit is derived by the authorities." OAR 255-40-025(2)

The Board's order of October 20, 1986, on a Board Action Form (BAF) states, under the heading "COMMENTS/REASONS":

"DATE CUT RECOMMENDATION FROM THE INSTITUTION DATED 9/3/1986 NOTED BY BOARD. NO CHANGE IN PRESENT PAROLE RELEASE DATE OF 3/6/1988. THIS ACTION TAKEN PER FILE PASS DATED 10/17/1986."

The "File Pass"[1] dated October 17, 1986, contains an inquiry from staff:

"SEE ATTACHED DATE CUT RECOMMENDATION FROM THE INSTITUTION DATED 9/3/86. THE BOARD DENIED REDUCTION OF PRISON TERM ON 2/7/86.

"DOES THE BOARD WISH TO CONSIDER THIS REQUEST AT THIS TIME?

"THERE IS NO HEARING SCHEDULED IN THE FUTURE. SUBJECT HAS A PRD [parole release date] OF 3/6/88.

"pm"

It also contains comments of three Board members:

"S/was seen at Personal Rev. hrg on 10-18-85 w/no inst recommendation. Inst. recommendation rec'd 1-23-86 and three members on file. pass voted no change in PRD. No change in that action.

WAG 10-17-86

"No change in present PRD.

DD 10-17-86

"Concur. Did not have clear conduct.

AHS 10-17-86"

---

[1] A file pass is a form used in a procedure by which the Board takes action in individual cases without a formal meeting. It contains a space in which a staff person states the issue or matter to be decided. It also contains spaces for Board member comments. The file pass is circulated to members with the inmate's file. The file and the file pass are then returned to a staff person, who prepares a BAF consistent with the members' comments. The term "file pass" is not defined by statute or rule, but it is used in the Board's rules. *See* OAR 255-40-020(5).

The recitation in the order of "NO CHANGE IN PRESENT PAROLE RELEASE DATE. THIS ACTION TAKEN PER FILE PASS DATED 10/17/1986" discloses that the Board, in the exercise of its discretion, decided *not* to advance the release date. Under the rule that *Anderson v. Board of Parole,* 303 Or 618, 740 P2d 760 (1987), compels us to apply in these circumstances, an order under ORS 144.122 complies with ORS 144.135 if it simply discloses, as this order does, that the Board has decided *not* to advance the parole release date requested.[2]

Petitioner also asserts that the Board erred in failing to meet the standards of the Attorney General's Model Rules of Procedure under the Administrative Procedure Act. ORS 183.341. That argument is without merit. *Anderson v. Board of Parole, supra.*

Affirmed.

---

[2] The Board's file also contains two orders dated October 28, 1986, and November 19, 1986, respectively, denying administrative review of the October 20, 1986, order. The Board order dated October 28, 1986, states under the heading "COMMENTS/REASONS":

"YOUR REQUEST FOR AN ADMINISTRATIVE REVIEW IS DENIED. BOARD ACTION IS SUPPORTED BY WRITTEN FINDINGS CONSISTENT WITH RULES OR POLICIES.

"THE BOARD IS NOT BOUND BY THE INSTITUTION'S RECOMMENDATION OF A 20% CUT.

"DUE TO CLERICAL ERROR, INMATE'S MATRIX RANGE WAS RECORDED AS 120 TO 160 MONTHS BUT SHOULD READ 90 TO 120 MONTHS."

Petitioner then renewed his request. The order dated November 19, 1986, states under the heading "COMMENTS/REASONS":

"YOUR REQUEST FOR AN ADMINISTRATIVE REVIEW IS DENIED.

"REQUEST DOES NOT MEET CRITERIA FOR REVIEW."

Those orders confirm that the Board did not agree with petitioner that his request met the criteria on which it could decide to advance his release date.